# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EMANUEL JOHNSON, SR.,

      Applicant,

  v.                                      CASE NO. 8:13-cv-392-SDM-TGW
                                             ( **Death Case** )

SECRETARY, Department of Corrections,            (victim: Iris White)

      Respondent.

_____/

EMANUEL JOHNSON, SR.,

      Applicant,

v.                                          CASE NO. 8:13-cv-393-SDM-TGW
                                            ( **Death Case** )

SECRETARY, Department of Corrections,          (victim: Jackie McCahon)

      Respondent.

_____/

## ORDER

      These actions proceed under Johnson's amended applications (Doc. 57 in 13-cv-392; Doc. 53 in 13-cv-393), the respondent's motions to dismiss certain grounds for procedural reasons (Doc. 64 in 13-cv-392; Doc. 60 in 13-cv-393), Johnson's oppositions (Doc. 72 in 13-cv-392; Doc. 69 in 13-cv-393), and the respondent's sur-replies. (Doc. 75 in 13-cv-392; Doc. 72 in 13-cv-393)[1] The motions to dismiss are ripe.

---

[1] This order will refer to 13-cv-392 as the White action and to 13-cv-393 as the McCahon action.

# I.  BACKGROUND

Johnson's convictions and death sentences for the murders of Iris White and

Jackie McCahon were affirmed on direct appeal.  *Johnson v. State*, 660 So. 2d 637 (Fla.

1995) (*Johnson I*) (White); *Johnson v. State*, 660 So. 2d 648 (Fla. 1995) (*Johnson II*)

(McCahon).  As described on post-conviction appeal in *Johnson v. State*, 104 So. 3d

1010, 1014 (Fla. 2012) (*Johnson III*), Johnson's crime spree occurred in 1988:

> Between April and June 1991, Johnson was tried, convicted, and
> sentenced for several crimes committed between January and
> October 1988 against four separate victims. Two of the victims—
> Iris White and Jackie McCahon—were murdered, while two—
> Kate Cornell and Lawanda Giddens—were not. Johnson's
> convictions in the noncapital cases were used as aggravators in
> both capital cases, and each capital conviction was used as an
> aggravator in the other capital case. [2]

In state court Johnson was represented in all four cases by the same appointed counsel,

and all four cases were reviewed in a single, consolidated post-conviction proceeding.

Although Johnson attempts to interject some aspects of the Cornell case into the

present actions, this federal review is limited to the amended applications under Section

2254 for the White and McCahon murders.

Johnson's application challenging the White conviction and sentence alleges

twenty-five grounds for relief, and his application challenging the McCahon conviction

and sentence alleges twenty-four grounds for relief.  Nearly all grounds for relief are

---

[2] *Johnson III* is the opinion on the denial of post-conviction relief for the murder of Iris White.
The identical introduction is repeated at *Johnson v. State*, 104 So. 3d 1032, 1033 (Fla. 2012) (*Johnson IV*),
in the denial of post-conviction relief for the murder of Jackie McCahon. For his stabbing of Kate
Cornell, Johnson was convicted of attempted murder, burglary of a dwelling with a dangerous weapon,
and robbery with a deadly weapon, for which he is imprisoned for life. For his strangulation of
Lawanda Giddens, Johnson was convicted of robbery, burglary of an occupied structure, and the lesser-
included charge of battery, for which he is imprisoned for fifteen years.

the same but numbered slightly differently. Nevertheless, the respondent's asserted procedural deficiencies apply nearly equally to both actions. The respondent argues that some substantive grounds and some ineffective-assistance-of-counsel grounds are barred from federal review on the merits for procedural reasons, specifically, for alleging a ground (1) that is not reviewable under federal habeas corpus, (2) that was not "fairly presented" to the state courts to meet the exhaustion requirement, or (3) that was improperly raised in the state court proceedings.

## II.  NON-REVIEWABLE GROUNDS

The respondent argues (1) that *Stone v. Powell*, 428 U.S. 465 (1976), bars review of Johnson's search-and-seizure grounds and (2) that *Johnson v. Mississippi*, 486 U.S. 578 (1988), bars review of Johnson's grounds that are both based on acts that occurred in another prosecution and challenge the validity of another state court judgment.

**A.  *Stone v. Powell*:**

The respondent correctly argues that *Stone v. Powell* bars the federal review of Fourth Amendment search and seizure issues if the defendant had an opportunity for a full and fair review in the state court. "[W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. For the preclusion under *Stone* to apply, the state court must

issue findings of fact, as *Hern v. Florida*, 326 F. App'x 519, 522 (11th Cir. 2009),[3]

explains:

> A state does not afford a defendant a full and fair opportunity to litigate the validity of a search under the Fourth Amendment when the state courts fail to make essential findings of fact. In *Tukes v. Dugger*, we addressed whether *Stone* foreclosed review of the validity of a search when the defendant presented his argument but the state courts failed to make findings of fact to resolve that argument. 911 F.2d 508, 513–14 (11th Cir. 1990). We concluded that the state courts had failed to afford the defendant a full and fair opportunity to litigate the validity of the search when they did not make findings of fact about whether the defendant had invoked his right to counsel or was in custody when he consented to the search of his home. We stated, "The trial court's failure to make explicit findings on matters essential to the fourth amendment issue, combined with the fact that the state appellate court issued only a summary affirmance, precludes a conclusion in this case that the state provided the meaningful appellate review necessary to erect a *Stone v. Powell* bar to our review of the claim." *Id.* at 514.

The respondent correctly contends that *Stone* bars federal review of Johnson's challenge

to the lawfulness of both his arrest and the search of his apartment.  Johnson incorrectly

argues that the state court failed to issue sufficient findings of fact.

**1.  Johnson's Arrest:**

In only the McCahon action (Ground One) Johnson alleges that his "arrest was

illegal" because "[t]he police lacked probable cause, and the fellow officer rule did not

allow Officer Castro to arrest Petitioner."  (Amended Memorandum, Doc. 54 at 5)

In state court Johnson challenged the validity of his arrest, and following a pre-trial

hearing on Johnson's motion to suppress, the trial court issued a written order that —

although not specified as "findings of fact" — determines that, based on facts developed

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

at the hearing, the arrest was lawful.  (Respondent's Exhibit A37 at 6350–54 in McCahon action)  The lawfulness of the arrest was upheld on appeal with extensive analysis.  *Johnson II*, 660 So. 3d at 653–58.  In state court Johnson received a full and fair review of this claim — not just the opportunity for a full and fair review.  Consequently, the Fourth Amendment claim in Ground One of the McCahon application is barred from federal review.

### 2.  Seizure of Clothing:

In both the White action (Ground Two) and the McCahon action (Ground Three) Johnson alleges that the "police seized clothing without providing probable cause that evidence would be found and without describing with particularity the items to be seized."  In state court Johnson moved to suppress the items seized during the execution of the search warrant, which motion was denied.  (Respondent's Exhibit A37 at 6350–54 in the McCahon action)  The lawfulness of the search was upheld on appeal after a thorough analysis.  *Johnson I*, 660 So. 3d at 643–44.  In state court Johnson received a full and fair review of this claim — not just the opportunity for a full and fair review.  Consequently, the Fourth Amendment claim in Ground Two (White action) and Ground Three (McCahon action) are barred from federal review.

## B.  Single Judgment:

Under Rule 2(e), Federal Rules Governing Section 2254 Cases, an application under Section 2254 is limited to challenging a single state court judgment.  The White action challenges the validity of the state court judgment for the murder of Iris White, and the McCahon action challenges the validity of the state court judgment for the

murder of Jackie McCahon.  These actions cannot extend to the challenge of any other state court judgment.

The trial court found the same three aggravating factors in both the White and the McCahon prosecutions: (1) Johnson has prior violent felony convictions, (2) each murder was for financial gain, and (3) each murder was heinous, atrocious, or cruel. In the White action the "prior violent felony" aggravator is based on Johnson's conviction for the murder of McCahon and for the non-capital Cornell and Giddens convictions.  In the McCahon action the "prior violent felony" aggravator is based on Johnson's conviction for the murder of White and for the non-capital Cornell and Giddens convictions.  *Johnson v. Mississippi*, 486 U.S. at 583–90, holds that a death sentence is unconstitutional if it depends upon the "prior violent felony" aggravator and the prior conviction was subsequently reversed.

In both the White action (Ground Nine) and the McCahon action (Ground Eight) Johnson alleges that trial counsel rendered ineffective assistance by "waiting until the last minute before contacting an eyewitness identification expert."  As stated earlier, Johnson was represented by the same appointed counsel in both capital cases and in both non-capital cases.  Counsel's alleged deficient performance that is the basis for these two grounds occurred in neither the White prosecution nor the McCahon prosecution but instead in the non-capital Cornell prosecution.  *Johnson III*, 104 So. 3d at 1024–25, rejects Johnson's eyewitness-identification-expert claim with the following analysis:

> As his second issue, Johnson argues that the postconviction court erred in denying his ineffective assistance claim based on his trial

- 6 -

counsel's handling of Dr. Brigham, the eyewitness identification
expert. Johnson claims that his counsel—who was the same for
both of his capital cases as well as the noncapital cases—was
deficient in failing to effectively pursue Dr. Brigham as an expert
witness in the noncapital case regarding victim Cornell. Because
Johnson's conviction in that case was used to find the prior
violent felony aggravating factor in this case, Johnson claims that
counsel's deficiency in that case caused him prejudice in this case.
We reject Johnson's argument. Johnson's claim is analogous to
the claim addressed by the United States Supreme Court in
*Johnson v. Mississippi*, 486 U.S. 578, 583–90, 108 S. Ct. 1981, 100
L. Ed. 2d 575 (1988), which granted postconviction relief on a
defendant's claim that the sentencing court's finding of the prior
violent felony aggravator based on a reversed conviction was
unconstitutional. We have previously held that a Johnson claim is
not cognizable as long as the conviction underlying the
aggravating factor is still a valid conviction. *See Lukehart v. State*,
70 So. 3d 503, 513 (Fla. 2011). Here, Johnson has not succeeded
in vacating his conviction in the noncapital case based on
counsel's handling of Dr. Brigham or on any other basis. Because
Johnson's conviction in the noncapital case is still a valid
conviction, we conclude that the postconviction court properly
denied Johnson's claim relating to Dr. Brigham.

Because trial counsel's alleged ineffectiveness — the delay in consulting an

eyewitness identification expert — occurred during the Cornell prosecution, under both

*Johnson v. Mississippi* and Rule 2(e) Johnson is barred from challenging the validity of

the Cornell judgment in both the White and the McCahon actions.  Consequently,

whether trial counsel rendered ineffective assistance in the Cornell prosecution is not a

claim reviewable under Ground Nine in the White action and Ground Eight in the

McCahon action.

In both the White action (Grounds Eighteen through Twenty) and the McCahon

action (Grounds Seventeen through Nineteen) Johnson alleges that the prosecutor

engaged in misconduct by (1) arguing facts not in evidence, presenting false evidence in

a suppression hearing, and presenting inconsistent theories and (2) that trial counsel

rendered ineffective assistance by not objecting to the prosecutorial misconduct. For

both actions the respondent concedes that the claims of ineffective assistance of counsel

are entitled to a review on the merits but argues that the underlying substantive claims

of prosecutorial misconduct are not entitled to federal review. The respondent contends

both that the substantive claims are procedurally defaulted in the White action

(discussed later in Section IV) and that the same substantive claims are irrelevant to the

McCahon action. No testimony, evidence, or argument was presented during the

McCahon prosecution about sexual battery, public hair identification, or inconsistent

theories of prosecution (the basis for the alleged three instances of prosecutorial

misconduct). Regarding the McCahon action, *Johnson IV*, 104 So. 3d at 1042–43,

rejects this claim with the following analysis:

> Johnson alleges that his trial counsel was ineffective for failing to
> object when the State argued based on improper evidence that
> Johnson had sexually battered White, when the State argued at
> the suppression hearing that two of the hairs recovered from
> White's body were identified as Johnson's and when the State
> subsequently presented theories at trial inconsistent with theories it
> had previously argued at the suppression hearing. . . .
>
> Johnson's challenges to counsel's performance in the case for
> White's murder are only relevant to this case because Johnson's
> conviction in that case was used to support the prior violent felony
> aggravator in this case. As it relates to Johnson's conviction and
> sentence for the McCahon murder, this issue is therefore
> analogous to the claim addressed by the United States Supreme
> Court in *Johnson v. Mississippi*, 486 U.S. 578, 583–90, 108 S. Ct.
> 1981, 100 L. Ed. 2d 575 (1988), which granted postconviction
> relief on a defendant's claim that the sentencing court's finding of
> the prior violent felony aggravator based on a reversed conviction
> was unconstitutional. We have previously held that a *Johnson*
> claim is not cognizable as long as the conviction underlying the
> aggravating factor is still a valid conviction. *See Lukehart v. State*,
> 70 So. 3d 503, 513 (Fla. 2011). Moreover, we have affirmed the
> denial of Johnson's postconviction challenge to his conviction and

> death sentence for the case relating to White. *See Johnson*, 104 So. 3d at 1031–32. The conviction for the murder of White therefore remains a proper basis for the prior violent felony aggravator in this case. *See Lukehart*, 70 So. 3d at 513.

Neither the underlying substantive claims of prosecutorial misconduct nor the claim of ineffective assistance of counsel for counsel's not objecting to the prosecutorial misconduct are based on acts that occurred during the McCahon prosecution. Consequently, under both *Johnson v. Mississippi* and Rule 2(e) — and notwithstanding the respondent's concession — both Johnson's prosecutorial misconduct claims and his ineffective-assistance-of-counsel claims in Grounds Seventeen through Nineteen are not reviewable in the McCahon action.

Also, in both actions Johnson alleges that the state used illegally obtained fingerprints (Ground Twenty-Two in the White action and Ground Twenty-One in the McCahon action), and in both actions Johnson presents the same argument: officers exceeded the scope of a warrant when they rolled Johnson's fingerprints which were used to compare with latent prints recovered from the White and Cornell crime scenes. Johnson represents that fingerprint comparison testimony was presented in both of those prosecutions, but Johnson does not allege that fingerprint comparison testimony was used to convict him in the McCahon prosecution. Consequently, under both *Johnson v. Mississippi* and Rule 2(e) Johnson's claim in Ground Twenty-One in the McCahon action that his fingerprints were unlawfully obtained is not reviewable.

In both the White action (Ground Twenty-One) and the McCahon action (Ground Twenty) Johnson alleges that trial counsel rendered ineffective assistance by not introducing evidence that he was a "chronic nail biter," which he contends is

evidence of his actual innocence of the White murder because the prosecution offered evidence of scratches to the victim's vagina and anus.  And in both actions (Ground Twenty-Three in the White action and Ground Twenty-Two in the McCahon action) Johnson alleges that the arrest, search, and seizure were based on a defective affidavit.  The respondent admits that these claims are exhausted and entitled to a review on the merits in the White action.  However, in the McCahon action Johnson can challenge neither the alleged ineffectiveness nor the validity of the arrest, search, or seizure based on a defective affidavit that occurred during the White prosecution.  *Johnson IV*, 104 So. 3d at 1043, rejects this claim with the following analysis:

> Johnson also argues that his trial counsel was ineffective in failing to introduce evidence that Johnson was a chronic nail biter—because such evidence would conclusively have established Johnson's "actual innocence" in the case relating to White—and in failing to discover and present evidence that a key piece of evidence supporting the search warrant in that case was false.
>
> Johnson's challenges to counsel's performance in the case for White's murder are only relevant to this case because Johnson's conviction in that case was used to support the prior violent felony aggravator in this case. As it relates to Johnson's conviction and sentence for the McCahon murder, this issue is therefore analogous to the claim addressed by the United States Supreme Court in *Johnson v. Mississippi*, 486 U.S. 578, 583–90, 108 S. Ct. 1981, 100 L. Ed. 2d 575 (1988) . . . .

The order continues with the same analysis discussed above.  Because trial counsel's alleged ineffectiveness and the allegedly defective warrant affidavit occurred during the White prosecution, under both *Johnson v. Mississippi* and Rule 2(e) alleged errors that did not occur in the McCahon prosecution are not claims reviewable under Grounds Twenty and Twenty-Two in the McCahon action.

In both the White action (Ground Twenty-Four) and the McCahon action (Ground Twenty-Three) Johnson challenges the convictions based on "newly discovered evidence regarding microscopic hair comparison analysis, namely a recent FBI report retracting expert testimony presented in this case . . . ."  In the White action the respondent admits that the ground was exhausted (Doc. 64 at 14), but in the McCahon action the respondent argues a lack of exhaustion because Johnson failed to fairly present this claim to the state courts.  Johnson offers no opposition to the respondent's argument.  Consequently, Ground Twenty-Four in the White action is entitled to a review on the merits, but because the microscopic hair comparison is based on evidence presented during the White prosecution and not the McCahon prosecution, under both *Johnson v. Mississippi* and Rule 2(e) the newly-discovered-evidence claim in Ground Twenty-Three is not reviewable in the McCahon action.

### III.  UNEXHAUSTED BECAUSE NOT "FAIRLY PRESENTED"

An applicant must present each claim to the state courts before presenting the claim to a federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  *Accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").  "To provide the State with the necessary 'opportunity,' the

prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 32 (2004) (citing *Duncan*).

The exhaustion requirement is not met if a defendant fails to alert the state appellate court that the trial court allegedly violated a federally protected right. As *Reese* explains, 541 U.S. at 32, an applicant must alert the state court that he is raising a federal law claim and not just a state law claim.

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

As a consequence, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). *See also Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1271, 1345 (11th Cir. 2004) ("The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.") (citations omitted); *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). An applicant must present to the federal court the same claim that was presented to the state court. *Picard v. Connor*, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). "[M]ere similarity of claims is insufficient to exhaust." *Duncan*, 513 U.S. at 366.

In both the White action (Ground One) and the McCahon action (Ground Two) Johnson alleges that his "confessions should have been suppressed."  The two grounds are nearly identical in each application and largely identical in the corresponding supporting memorandum.  However, in the White action the respondent admits that the ground was exhausted (Doc. 64 at 8), but in the McCahon action the respondent "notes . . . that Johnson has apparently conceded that the federal constitutional dimensions of this claim were not raised in state court, and [in Johnson's earlier *pro se* action] this Court entered an order denying relief based in part on that concession."  (Doc. 60 at 9 in McCahon action)

The reason for the differing treatment of the identical grounds is because Johnson presented different arguments in the respective direct appeals, despite the same attorney having prepared both initial briefs.  The extensive briefing presented in the White direct appeal exhausted — as the respondent admits — the arguments presented in the present action.  (Respondent's Exhibit A49 at 12–88 in White action)  The substantially shorter argument presented in the McCahon direct appeal initially focused on state law issues (Respondent's Exhibit A51 at 20–38 in McCahon action), but the second part of the argument challenges the admissibility of Johnson's statements as violative of *Miranda* and its progeny.  Consequently, Johnson exhausted his challenge to the admissibility of his statements as violative of *Miranda*; the state law arguments from the direct appeal are rightfully omitted from the present applications.  Both Ground One in the White action and Ground Two in the McCahon action are entitled to federal review on the merits.

## IV.  PROCEDURALLY DEFAUTED BECAUSE IMPROPERLY RAISED

An applicant requesting a federal court to issue a writ of habeas corpus must present each claim to the state courts in the procedurally correct manner.  *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).  The procedurally correct manner to raise a claim of error that occurred in the trial court is to both preserve the issue with a proper objection in the trial court and assert the alleged error on direct appeal.  *Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183, 1212 (11th Cir. 2009) ("Florida law requires a defendant to make a 'contemporaneous, specific objection . . . at the time of the alleged error' to preserve an issue for appellate review.") (quoting *Overton v. State*, 976 So. 2d 536, 547 (Fla. 2007)) (ellipsis original).  Under Rule 3.850(c), Florida Rules of Criminal Procedure, a post-conviction court is not authorized to grant relief "based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."  *See Henry v. State*, 933 So. 2d 28, 29 (2DCA 2006) ("[C]laims of prosecutorial misconduct and trial court error should have been raised on direct appeal.").

Before a claim is procedurally barred from federal review, a state court must reject reviewing the claim based on the procedural deficiency, as *Harris v. Reed*, 489 U.S. 255, 261–62 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)), explains:

> Thus, the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."

- 14 -

Also, the state court must declare that it is enforcing the procedural rules. "[I]f it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that the state court's decision rests upon adequate and independent state grounds." *Harris v. Reed*, 489 U.S. at 261 (quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983)). Citing to the state procedural rule and stating that the claim "could have been raised on direct appeal" or in some prior proceeding is insufficient. *Harris v. Reed*, 489 U.S. at 266. *See also Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d at 1212 ("[T]hough the court discussed the merits of [the] claim, we can still apply the state procedural bar since it couched its discussion of the procedural bar in the alternative."); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."). Consequently, the initial question is whether the state court issued a "plain statement" applying an independent and adequate state procedural bar.

In both the White action (Ground Eleven) and the McCahon action (Ground Ten) Johnson challenges a state bar rule that prohibits post-conviction counsel from contacting jurors. *Johnson III*, 104 So. 3d at 1027–28, rejects this claim as procedurally defaulted with the following "plain statement:"

> Johnson challenges the postconviction court's summary denial
> of his claim that Rule Regulating the Florida Bar 4–3.5(d)(4) is
> unconstitutional to the extent it precludes Johnson's collateral
> counsel from interviewing the jurors who convicted him and

- 15 -

> recommended that he be put to death. We conclude that the postconviction court did not err in denying Johnson's claim without an evidentiary hearing. Johnson's claim is both procedurally barred and without merit. *See Kilgore v. State*, 55 So. 3d 487, 511 (Fla. 2010) (holding a challenge to the constitutionality of rule 4–3.5(d)(4) procedurally barred in postconviction proceedings and noting moreover that "this Court has repeatedly rejected claims that Rule Regulating the Florida Bar 4–3.5(d)(4) is unconstitutional").

Florida's supreme court regularly applies procedural default to the failure to raise this claim on direct appeal. *See, e.g.*, *Kilgore v. State*, 55 So. 3d 487, 511 (Fla. 2010); *Floyd v. State*, 18 So. 3d 432, 459 (Fla. 2009) (citing *Israel v. State*, 985 So. 2d 510, 522 (Fla. 2008); *Barnhill v. State*, 971 So. 2d 106, 116–17 (Fla. 2007); *Farina v. State*, 937 So. 2d 612, 626 (Fla. 2006)). Consequently, Johnson procedurally defaulted both Ground Eleven in the White action and Ground Ten in the McCahon action.[4] Whether Johnson can overcome the procedural default is addressed later in this order.

In both the White action (Ground Thirteen) and the McCahon action (Ground Twelve) Johnson alleges that the trial court erred by not allowing him to argue both his ineligibility for parole for the White and McCahon convictions and his possible sentences for the non-capital Cornell and Giddens convictions. *Johnson III*, 104 So. 3d at 1028, rejects this claim as procedurally defaulted with the following "plain statement:"

> Johnson challenges the postconviction court's summary denial of his *Simmons v. South Carolina*, 512 U.S. 154, 114 S. Ct. 2187, 129 L. Ed. 2d 133 (1994), claim that the trial court erred in preventing Johnson from informing the jury about his ineligibility for parole

---

[4] *Johnson IV* (the McCahon action) adopts the ruling in *Johnson III* for both this issue and several other issues discussed later. *Johnson IV*, 104 So. 3d at 1043 ("[W]e deny each of the claims for the reasons expressed in our opinion denying the identical claims as presented in Johnson's postconviction appeal in the case related to the murder of White.").

> and the possible sentences he would likely receive in the other three cases. This Court previously denied this claim when Johnson raised it on direct appeal. *Johnson*, 660 So. 2d at 645. Accordingly, we affirm the postconviction court's summary denial of this claim as procedurally barred. *See Freeman*, 761 So. 2d at 1067 ("This claim was raised on direct appeal; therefore, it is procedurally barred and was properly summarily denied.").

This application of procedural default is based on Johnson having previously raised the claim on direct appeal.  Consequently, both Ground Thirteen in the White action and Ground Twelve in the McCahon[5] action are not procedurally defaulted and are entitled to a review on the merits to the extent the claims were raised on direct appeal.

In both the White action (Ground Fifteen) and the McCahon action (Ground Fourteen) Johnson challenges Florida's lethal injection method of execution.  *Johnson III*, 104 So. 3d at 1028, rejects this claim as procedurally defaulted with the following "plain statement:"

> Johnson argues that Florida's method of execution by lethal injection constitutes cruel and unusual punishment in violation of the Florida and United States Constitutions. Because this claim was not raised on direct appeal, it is procedurally barred. *See Kilgore*, 55 So. 3d at 511–12 (holding that a defendant's postconviction challenge to Florida's method of execution was procedurally barred because it was not raised on direct appeal).

Florida's supreme court regularly applies procedural default to the failure to raise this claim on direct appeal.  *See, e.g.*, *Smith v. State*, 151 So. 3d 1177, 1183 (Fla. 2014); *Kilgore v. State*, 55 So. 3d 487, 512 (Fla. 2010); *Suggs v. State*, 923 So. 2d 419, 441 (Fla. 2005).  Consequently, Johnson procedurally defaulted both Ground Fifteen in the

---

[5] *See supra* note 4.

White action and Ground Fourteen in the McCahon action.[6]  Whether Johnson can

overcome the procedural default is addressed later in this order.

In the White action Johnson alleges that the prosecutor engaged in prosecutorial

misconduct (1) by arguing facts not in evidence (Ground Eighteen), (2) by presenting

false evidence at the pre-trial suppression hearing (Ground Nineteen), and (3) by

presenting inconsistent theories (Ground Twenty).  Also, Johnson alleges both that the

state used illegally obtained fingerprints (Ground Twenty-Two in the White action) and

that the arrest, search, and seizure were based on a defective affidavit (Ground Twenty-

Three in the White action).[7]  *Johnson III*, 104 So. 3d at 1029, rejects these claims as

procedurally defaulted with the following "plain statement:"

> We agree with the postconviction court that insofar as these
> claims raise issues concerning prosecutorial misconduct and
> evidence introduced at trial, the claims should have been
> challenged on direct appeal and are therefore procedurally barred.
> *Spencer v. State*, 842 So. 2d 52, 60–61 (Fla. 2003) (postconviction
> court properly concluded that claims alleging prosecutorial
> misconduct were procedurally barred because each of the alleged
> violations appeared on the trial record and could have been raised
> on direct appeal). Thus, the underlying issues in claims (a), (b), (c),
> and (f) are procedurally barred, as is the entirety of claim (e).[8]

---

[6] *See supra* note 4.

[7] As discussed above, each of these five claims are dismissed from the McCahon action because
each is based on acts that occurred in only the White prosecution.

[8] These alphabetic designations correlate to the numbered designations identified at the
beginning of this paragraph. Also, the reference to "underlying issues" draws a distinction between the
underlying substantive ground as identified above and the associated claim of ineffective assistance of
trial counsel for failing to object. Only the underlying substantive claims and not the associated claims
are procedurally defaulted.

Consequently, Johnson procedurally defaulted Grounds Eighteen through Twenty, Twenty-Two, and Twenty-Three in the White action.  Whether Johnson can overcome the procedural default is addressed next.

## V.  OVERCOMING PROCEDURAL DEFAULT

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *see also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").  State procedural rules preclude Johnson from returning to state court to present his federal claim in a second, untimely direct appeal.  *See* Fla. R. App. P. 9.140(b)(3).  Johnson's failure to properly present his federal claim in the state court results in a procedural default.  *See Shinn v. Ramirez,* 596 U.S. 366, 378 (2022) (noting that if a prisoner failed to present a federal claim to the state court and the state court would dismiss the claim based on a procedural failure, the claim is technically exhausted because, in the habeas context, "state-court remedies are . . . 'exhausted' when they are no longer available, regardless of the reason for their unavailability.") (quoting *Woodford v. Ngo,* 548 U.S. 81, 92–93 (2006)).

A procedurally defaulted ground is barred from federal review absent a showing of "actual cause and prejudice" or "manifest injustice." *See generally Coleman v. Thompson*, 501 U.S. 722, 747–51 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). As determined above, some grounds are procedurally defaulted because Johnson presented the claim to the state court in the wrong procedural manner, specifically, (1) in the White action Johnson procedurally defaulted the substantive claims in Grounds Eleven, Fifteen, Eighteen through Twenty, Twenty-Two, and Twenty-Three and (2) in the McCahon action Johnson procedurally defaulted Grounds Ten and Fourteen. Only these grounds are subject to a "cause and prejudice" or a "fundamental miscarriage of justice" analysis.[9]

## A.  "Cause and Prejudice:"

To demonstrate "cause" for his procedural default, Johnson must justify his failure to comply with Florida's procedural rules. In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. at 488. *See Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). Even if he shows cause for his procedural default, Johnson must show prejudice arising from the alleged constitutional error. A petitioner must

─────────────────────

[9] Also as determined above, (1) neither the White action nor the McCahon action alleges an unexhausted ground, that is, a ground that was not "fairly presented" during the state court proceedings and that asserts a claim reviewable under Rule 2(e); (2) Ground Two in the White action and Grounds One and Three in the McCahon action are barred under *Stone* from federal review; and (3) Ground Nine in the White action and Grounds Eight and Seventeen through Twenty-Three in the McCahon action are not reviewable because each alleges a claim that challenges a different state court judgment. Consequently, those grounds are subject to neither a "cause and prejudice" nor a "fundamental miscarriage of justice" analysis.

show that he suffered actual prejudice, "not merely that the errors at his trial created the *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (italics original) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). In essence, to show actual prejudice, Johnson must demonstrate that the alleged errors so infected the judicial process that his resulting conviction or death sentence violates due process.

In both the White action (Ground Eleven) and the McCahon action (Ground Ten) Johnson challenges a state bar rule that prohibits post-conviction counsel from contacting jurors, which claim, as determined above, Johnson procedurally defaulted by waiting until post-conviction proceedings to assert. First, Johnson argues that the state court's holding this claim as procedurally defaulted is unreasonable (Doc. 72 at 12 in the White action; Doc. 69 at 18 in the McCahon action):

> [T]his ground would not have been appropriate for trial counsel nor appellate counsel to raise as postconviction counsel are the ones claiming that the rule prevents a proper investigation of postconviction issues. Trial counsel does not handle post-conviction investigations and appellate counsel is limited to what is available on the record.

Notwithstanding Johnson's disagreement, the required time to raise this claim in state court is a state law issue and not "cause" that precluded raising the claim on direct appeal.

Second, to show cause and prejudice Johnson argues the following (Doc. 72 at 13 in the White action; Doc. 69 at 19 in the McCahon action):

> Cause and prejudice are established due to the fact that the
> Florida Rules Regulating the Florida Bar prevent counsel on post-
> conviction from adequately being able to zealously represent their
> clients by inquiring from the jurors on the events of the trial
> including any juror misconduct or actual bias. This is despite the
> fact that this rule does not apply to those that are not representing
> the defendant and allows others such as reporters, academics,
> journalists, and lawyers not connected to the case, the ability to
> inquire of the jurors. Thus, other individuals, whose lives are not
> at stake, have the ability to interview these jurors, while counsel
> for the defendant is explicitly prohibited from doing so arbitrarily.

Johnson's argument addresses the merits of the claim, not "cause" for his failure to raise the claim until post-conviction. Consequently, Johnson fails to show both "cause" for, and "prejudice" from, his not raising this claim in the proper procedural manner under state law. Consequently, Johnson fails to show both "cause" and "prejudice" to overcome the procedural default for Ground Eleven in the White action and Ground Ten in the McCahon action.

In both the White action (Ground Fifteen) and the McCahon action (Ground Fourteen) Johnson challenges Florida's lethal injection method of execution, which claim, as determined above, Johnson procedurally defaulted by not asserting on direct appeal. Johnson asserts entitlement to a review on the merits because *Johnson III* and *Johnson IV* addressed the merits of claims. However, Johnson's reliance on *Rogers v. McMullen*, 673 F.2d 1185, 1188 (11th Cir. 1982), is misplaced because the court was reviewing an action in which "[t]he Florida Supreme Court did not rely on a procedural default in its decision . . . ." Instead, as discussed above, under *Ferguson* and *Alderman* a state court's addressing the merits in the alternative does not preclude application of procedural default.

- 22 -

Also, Johnson's asserted entitlement to review on the merits based on a change in the combination of drugs Florida's current drug protocol is likewise misplaced.  A change in the drug protocol subsequent to his direct appeal, as well as a possible future change, asserts a claim that is premature at this time.  Johnson can he challenge the drug protocol only if a warrant of execution is issued.  *See, e.g., Baze v. Rees*, 553 U.S. 35 (2008), and its progeny.  Consequently, Johnson fails to show both "cause" and "prejudice" to overcome the procedural default for Ground Fifteen in the White action and Ground Fourteen in the McCahon action.

In the White action Johnson alleges both that the prosecutor engaged in prosecutorial misconduct (Grounds Eighteen through Twenty) and that evidence was unlawfully obtained (Grounds Twenty-Two and Twenty-Three), which claims, as determined above, Johnson procedurally defaulted by his not asserting them on direct appeal.

In arguing "cause" Johnson contends that appellate counsel could not raise the claims on direct appeal because the underlying substantive claims were not preserved in the trial court.  Johnson must have exhausted what he claims excuses his procedural default to the extent the basis constitutes an independent constitutional claim.  "A showing of ineffective assistance of appellate counsel in failing to raise a claim on direct appeal can constitute 'cause' so long as the ineffective assistance 'occur[red] during a stage when a petitioner had a constitutional right to counsel' and the ineffective-assistance claim itself is 'both exhausted and not procedurally defaulted.'" *Sealey v. Warden, Georgia Diagnostic Prison*, 954 F.3d 1338, 1365 (11th Cir. 2020) (internal

citations omitted). *See also Edwards v. Carpenter,* 529 U.S. 446, 453 (2000) (A federal habeas court is barred from considering a procedurally defaulted "ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim" unless the petitioner establishes "the cause-and-prejudice standard with respect to" the ineffective assistance claim.); *Murray v. Carrier*, 477 U.S. at 488–89 (recognizing that, if ineffective assistance of counsel is alleged as cause to excuse a procedural default, the applicant must have presented the claim of ineffectiveness to the state courts as an independent claim); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) ("[P]rocedurally defaulted claims of ineffective assistance *cannot* serve as cause to excuse a default of a[nother] claim.") (italics original)).  Johnson fails to show that he exhausted a claim of ineffective assistance of appellate counsel regarding the underlying substantive claims.

Also, in arguing "cause" and "prejudice," Johnson fails to differentiate between the underlying substantive claim and the associated claim of ineffective assistance of counsel.  Johnson argues that the district court should consider the underlying substantive claim.  The district court must review the underlying substantive claim to determine whether Johnson meets the "prejudice" component under *Strickland* to prove that he was denied the effective assistance of counsel as alleged in Grounds Eighteen through Twenty and Twenty-Three in the White action.

However, Ground Twenty-Two is different because Johnson does not allege a claim of ineffective assistance of counsel for the underlying substantive claim.  Johnson alleges: "The state used illegally obtained rolled prints in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution."  Johnson structured

this ground differently compared to Grounds Eighteen through Twenty and Twenty-Three, in which he specifically adds that counsel rendered ineffective assistance based on the underlying substantive claim; Ground Twenty-Two does not specifically allege a claim of ineffective assistance of counsel.

In moving to dismiss this ground the respondent limits the discussion to only the alleged substantive claim without expanding the discussion to include a claim of ineffective assistance of counsel. Johnson notes the limited discussion and the absence of a request to dismiss a claim based on ineffective assistance of counsel. Although omitted from the ground but within his discussion of the substantive claim, that is, in both the amended application and supporting memorandum (Docs. 57 and 58), Johnson asserts that trial counsel rendered ineffective assistance under *Strickland*. In its reply (Doc. 75 at 7), the respondent does not address Johnson's expanded interpretation of Ground Twenty-Two.

An applicant must present to the federal court the same claim that was presented to the state court. *Picard v. Connor*, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). Consequently, for Ground Twenty-Two to include a claim of ineffective assistance of counsel, Johnson must have "fairly presented" that claim to the state courts. *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). A reading of *Johnson III* discloses that Johnson presented no claim of ineffective assistance of counsel based on Ground

Twenty-Two. *Johnson III*, 104 So. 3d at 1029, identifies Johnson's *pro se* claims as follows:

> (a) the prosecutor engaged in misconduct by arguing facts not in evidence, and defense counsel was ineffective in failing to object to that misconduct; (b) the prosecutor engaged in misconduct by presenting false evidence at the suppression hearing, and defense counsel was ineffective in failing to object to that misconduct; (c) the prosecutor engaged in misconduct by presenting inconsistent theories, and defense counsel was ineffective in failing to object to that misconduct; (d) defense counsel rendered ineffective assistance by failing to introduce evidence of Johnson's actual innocence; (e) the State used illegally obtained rolled fingerprints; and (f) Johnson's arrest, search, and seizure were based on an affidavit that was both unsworn and contained false information, and defense counsel was ineffective in failing to present this fact at the suppression hearing.

Claim (e) is the subject of Ground Twenty-Two and is the only claim that does not specifically allege ineffective assistance of counsel. Moreover, the analysis in *Johnson III* continues without interpreting claim (e) as asserting ineffective assistance of counsel, unlike each of the other claims that assert both an underlying substantive claim and ineffective assistance of counsel:

> Thus, the underlying issues in claims (a), (b), (c), and (f) are procedurally barred, as is the entirety of claim (e). Regarding the ineffective assistance of counsel claims contained in claims (a), (b), (c), (d), and (f), we conclude that Johnson's claims are refuted by the record.

Expanding Ground Twenty-Two to allege a claim of ineffective assistance of counsel would gain Johnson no benefit because that claim is unexhausted. Consequently, Johnson fails to show both "cause" and "prejudice" to overcome the procedural default for Grounds Eighteen through Twenty, Twenty-Two, and Twenty-Three in the White action.

**B.  "Fundamental Miscarriage of Justice:"**

As an alternative to showing "cause and prejudice," Johnson must show that dismissal of his procedurally defaulted grounds will result in a "fundamental miscarriage of justice," an especial difficulty because Johnson must demonstrate "actual innocence" of the crime of conviction.  *See Smith v. Murray*, 477 U.S. 527, 537 (1986) (citing *Murray v. Carrier*, 477 U.S. at 496); *see also Engle v. Isacc*, 456 U.S. 107, 134–35 (1982); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying a certificate of probable cause and holding that an applicant must show "as a factual matter that he did not commit the crime of conviction.").  Additionally, to meet the "fundamental miscarriage of justice" exception, Johnson must show constitutional error coupled with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  This exception is not available unless "petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying a certificate of probable cause).

For each procedurally defaulted ground, Johnson presents a substantive "fundamental miscarriage of justice" argument that challenges the trial or other state court proceeding; Johnson presents no new evidence as proof of actual innocence to overcome the procedural default, and his arguments of ineffective assistance of counsel are misplaced when attempting to overcome a procedural default under the "fundamental miscarriage of justice" exception.

Johnson establishes neither "cause and prejudice" nor a "fundamental miscarriage of justice." Therefore, Grounds Eleven and Fifteen, the substantive claims in Eighteen through Twenty, Twenty-Two, and Twenty-Three in the White action and Grounds Ten and Fourteen in the McCahon action are procedurally barred from federal review and not entitled to a determination on the merits.

The following grounds are dismissed in the White action (13-cv-392): Grounds 2, 9, 11, 15, the underlying substantive claims in 18–20, and 22–23. The following grounds are dismissed in the McCahon action (13-cv-393): Grounds 1, 3, 8, 10, 14, and 17–23. The grounds remaining for review on the merits in the White action (13-cv-392): 1, 3–8, 10, 12–14, 16–17, 21, and 24–25 and the ineffective assistance of counsel claims in 18–20 and 23. The grounds remaining for review on the merits in the McCahon action (13-cv-393): 2, 4–7, 9, 11–13, 15–16, and 24. The respondent has **NINETY DAYS** to file a response to the remains grounds, Johnson have **FORTY-FIVE DAYS** to reply, and the respondent **FIFTEEN DAYS** for a sur-reply or waiver. The clerk must **ADMINISTRATIVELY CLOSE** both actions until briefing is complete.

ORDERED in Tampa, Florida, on October 24, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE